Honorable George H. Sheppard, page 4

explained by the fact that the special district judge is not elected to serve as judge for the district, but only to provide a substitute for the regular judge to prevent a failure of the term of court in a particular county, (Wynn v. R. E. Edmonson Land & Cattle Co., (Civ. App.) 150 S. W. 310) and the Legislature did not consider that traveling expenses would be incurred by him in traveling from the county of residence to other counties in the district to hold court. Whether that be the reason for the failure to provide traveling expenses for special judges or not, however, it is a sufficient answer to any claim for such expenses to point out that the Legislature, whether intentionally or inadvertently, has not authorized payment thereof. See Frasier v. Dundy Co., (Neb.) 213 N. W. 371.

Yours very truly

ATTORNEY GENERAL OF TEXAS

RECEIVED APR 29 1942

By

R. W. Fairchild
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

RWF:db



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN